18-014765-NI    FILED IN MY OFFICE    WAYNE COUNTY CLERK    Cathy M. Garrett    11/16/2018 9:01 AM    Inga Robertson

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MIA RENEE THOMAS,

    Plaintiff,

vs.

1530320 ONTARIO, INC. aka LAKESHORE LOGISTICS, a foreign corporation, and JASON DYCK, Jointly and Severally,

    Defendants.

_____/

Case No: 18-           NI
Hon.

THOMAS W. JAMES (P68563)
ALEXUS B. RINGSTAD (P82767)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway,
Farmington Hills, MI 48334
(248) 353-7575
tjames@michiganautolaw.com
aringstad@michiganautolaw.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

    */s/ Alexus B. Ringstad*
        Alexus B. Ringstad

NOW COMES the above-named Plaintiff, MIA RENEE THOMAS, by and through her attorneys, MICHIGAN AUTO LAW, P.C. and says:

1. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

2. That the Plaintiff, MIA RENEE THOMAS (hereinafter "MIA THOMAS"), at all times material hereto, was a resident of the City of Detroit, County of Wayne, and State of Michigan.

3. That the Defendant, JASON DYCK, at all times material hereto, was a resident of the City of Maidstone, Province of Ontario, Canada.

4. That the Defendant, 1530320 ONTARIO, INC. aka LAKESHORE LOGISTICS (hereinafter "LAKESHORE LOGISTICS"), is a foreign corporation authorized to do business in the City of Detroit, County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

## COUNT I

5. That on or about June 8, 2018, at or about 6:25 p.m., the Plaintiff, MIA THOMAS, was driving southbound on I-75 near Mack Avenue in the City of Detroit, County of Wayne, and State of Michigan.

6. That at the aforementioned time and place, the Defendant, JASON DYCK, was driving a semi-tractor trailer, license number 6642PW, with the express and implied consent and knowledge of its owner, Defendant LAKESHORE LOGISTICS, and was in the course and scope of his employment with Defendant LAKESHORE LOGISTICS, said Defendant company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

7. At that time and place, the Defendant, JASON DYCK, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

8. That the Defendant, JASON DYCK, did then and there display gross, willful and wanton negligence and misconduct by unlawfully attempting to change lanes and striking Plaintiff's vehicle which had the right of way.

9. That at the said time and place, Defendants JASON DYCK and LAKESHORE LOGISTICS were guilty of gross, willful and wanton negligence and misconduct as follows:

   A. In driving at an excessive rate of speed, under the conditions then and there existing;

   B. In failing to yield the right of way;

   C. In failing to keep a reasonable lookout for other persons and vehicles using said highway;

   D. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

   E. In failing to drive with due care and caution;

   F. In failing to maintain his lane while driving;

   G. In failing to take all possible precautions to avoid any collision with other motor vehicles; and

   H. In failing to make and/or renew observations of the conditions of traffic on the highway.

10. The Defendant JASON DYCK was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of Detroit.

11. That among those Statutes Defendants JASON DYCK and LAKESHORE LOGISTICS violated are:

|        |                 |                                                               |
|--------|-----------------|---------------------------------------------------------------|
| M.C.L. | 257.401         | Owner liability;                                              |
| M.C.L. | 257.625         | Driving while intoxicated;                                    |
| M.C.L. | 257.626         | Reckless driving;                                             |
| M.C.L. | 257.626(b)      | Careless or negligent driving;                                |
| M.C.L. | 257.627         | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.642         | Failure to maintain lane                                      |
| M.C.L. | 257.705         | Brakes;                                                       |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963;                             |
| M.C.L. | 691.1405        | Government owned vehicles; liability for negligent operation; |
|        |                 | Motor Carrier Safety Act                                      |
| 49 C.F.R. | | Code of Federal Regulations. |

12. That as a proximate cause of Defendants' negligence, Plaintiff MIA THOMAS was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement plus other injuries to the head, neck, shoulders, arms, knees, back, chest and to other parts of her body, externally and internally, and some or all of which interferes with her enjoyment of life and caused the Plaintiff, MIA THOMAS, great pain and suffering.

13. That should it be determined at the time of trial that the said Plaintiff MIA THOMAS was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff, MIA THOMAS, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II

NOW COMES the Plaintiff, MIA THOMAS, and adds a Count II as follows:

14. Plaintiff hereby realleges, reaffirms, and incorporates herein by reference herein all allegations in paragraphs 1-13.

15. Plaintiff hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

16. Plaintiff hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, MIA THOMAS, now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT III

NOW COMES the Plaintiff, MIA THOMAS, and adds a Count III as follows:

17. Plaintiffs hereby realleges, reaffirms, and incorporates herein by reference herein all allegations in paragraphs 1-16.

18. Defendant LAKESHORE LOGISTICS is the employer of JASON DYCK who was acting within the course and scope of his employment with Defendant LAKESHORE LOGISTICS at the time of the accident herein.

19. That in addition to the allegations set out in Counts I and II, Defendant JASON DYCK's employer, LAKESHORE LOGISTICS is liable for Defendant JASON DYCK's negligence under the doctrine of Respondeat Superior.

20.  That as a proximate cause of Defendant JASON DYCK's negligence, Plaintiff MIA THOMAS was seriously injured and suffered additional injuries and damages as set out in Counts I and II.

WHEREFORE, the Plaintiff, MIA THOMAS now claims judgment for whatever amount she is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

### COUNT IV

NOW COMES the Plaintiff, MIA THOMAS, and adds a Count IV as follows:

21.  Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-20.

22.  That the Defendant-owner, LAKESHORE LOGISTICS, carelessly, recklessly and negligently entrusted said motor vehicle and the operation thereof to the Defendant-driver JASON DYCK, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving, all of which were known by the defendant-owners, or should have been known in the exercise of reasonable care and caution by the defendant-owner, as indicated by the Defendant's driving record that the defendant-owners are hereby guilty of negligence, independent of defendant-driver.

WHEREFORE, the Plaintiff, MIA THOMAS, now claims judgment for whatever amount she is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

                MICHGIAN AUTO LAW, P.C.

BY: */s/ Alexus B. Ringstad*
     THOMAS W. JAMES (P68563)
     ALEXUS B. RINGSTAD (P82767)
     Attorneys for Plaintiff
     30101 Northwestern Highway,
     Farmington Hills, MI 48334
     (248) 353-7575

Dated: November 16, 2018

## DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, MIA THOMAS, by and through her attorneys, MICHIGAN AUTO LAW, P.C., and hereby demand a trial by jury in the above-entitled matter.

MICHIGAN AUTO LAW, P.C.

BY: */s/ Alexus B. Ringstad*
THOMAS W. JAMES (P68563)
ALEXUS B. RINGSTAD (P82767)
Attorneys for Plaintiff
30101 Northwestern Highway,
Farmington Hills, MI 48334
(248) 353-7575

Dated: November 16, 2018